NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVIAS TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 21-12788 (GC)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on an amended motion to vacate, set aside, or correct his sentence (Amended Motion to Vacate) under 28 U.S.C. § 2255 (§ 2255) filed by Petitioner Davias Taylor. (ECF No. 3.) Respondent filed an answer to the Amended Motion to Vacate. (ECF No. 10.) The Court has carefully considered the parties' submissions. For the reasons set forth below, and other good cause shown, the Amended Motion to Vacate is **DENIED**, and a certificate of appealability shall not issue.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2019, Petitioner pled guilty to a single count of knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. (PSR ¶ 63.)[1] On December 9, 2019, Petitioner appeared

---

[1] "PSR" refers to the final Presentence Investigation Report, which was docketed in the underlying criminal case, Crim. No. 19-0563-1

before the Honorable Freda L. Wolfson. U.S.C.D.J., and was sentenced to 30 months of imprisonment and three years of supervised release.  (*Id.* ¶ 34.)

On or about June 15, 2021,[2] Petitioner submitted a *pro se* motion to vacate, set aside or correct sentence under § 2255.  (ECF No. 1.)

On August 25, 2021, Chief Judge Wolfson entered an order administratively terminating this matter because Petitioner did not use the form supplied by the Clerk for § 2255 motions as mandated by Local Civil Rule 81.2(a), and the form Petitioner used did not contain the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 562 (3d Cir. 1999).  (ECF No. 2 ("August 25, 2021 Memorandum and Order") at 1-2.)  Chief Judge Wolfson ordered that, if Petitioner wished to reopen this case, he shall so notify the Court within 30 days of the entry of the August 25, 2021 Memorandum and Order and that his writing shall include a complete, signed motion on the appropriate form (including the signed *Miller* Notice).  (*Id.* at 2.)

On or about September 6, 2021, Petitioner submitted an amended motion to vacate on the proper form (ECF No. 3), and he submitted the signed "Signature Page" on or about September 21, 2021 (ECF No. 4).  Petitioner raises two grounds or claims for relief.  In Ground One, Petitioner alleges ineffective assistance of counsel at the plea negotiation stage: "Petitioner was eligible for safety valve under the First Step Act.  Petitioner has 8 criminal history points[.]  4 are single points for trafficking violations[,] and he has no 3 point or 2 point scoring priors[.]  Counsel never raised this as an affirmative defense against the mandatory minimum."  (ECF No. 3 at 5.)  In Ground Two, Petitioner similarly alleges ineffective assistance of counsel at the sentencing stage: "Counsel

---

[2]   *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

2

never once place[]d on the record that the safety valve with and under the First Step Act should have been applied to Petitioner." (*Id.* at 6.)

This matter was reassigned to the Undersigned on January 10, 2023. (ECF No. 5.) On January 19, 2023, the Court reopened the case and ordered Respondent to submit a full and complete response to the Amended Motion to Vacate. (ECF No. 6.) After the Court granted Respondent's motion for an extension of time, the answer was filed on March 19, 2023. (*See* ECF Nos. 8-10.) On or about November 1, 2023, Petitioner filed a motion requesting a status update. (ECF No. 11.)

On November 7, 2023, the Court denied Petitioner's motion, which it construed as a request for the Court to provide him with legal advice. (ECF No. 12 ("November 7, 2023 Memorandum and Order") at 2.) However, the Court granted Petitioner 45 days from the date of the November 7, 2023 Memorandum and Order to file a reply brief in support of his Amended Motion to Vacate should he elect to do so. (*Id.*) No reply brief has been received.

## II.  LEGAL STANDARDS

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of

fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)); *accord United States v. Folk*, 954 F.3d 597, 602 (3d Cir. 2020); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

In each ground for relief, Petitioner alleges ineffective assistance of counsel. The standard applicable to such claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

> outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015).

Section 2255(b) requires courts to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Under this standard, "a district court should hold an evidentiary hearing when the habeas petition 'allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record.'" *Antonio v. United States*, No. 21-17689, 2024 WL 3791356, at *1 (D.N.J. Aug. 13, 2024) (alteration in original) (quoting *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015)). "In assessing whether a hearing is necessary, the court 'must accept the truth of the movant's factual allegations unless they are clearly frivolous' or contradicted by the record." *Id.* (quoting *Tolliver*, 800 F.3d at 141); *see also id.* ("A movant need not 'prove' anything to warrant a hearing." (quoting *United States v. Arlington*, 13 F.4th 331, 335 (3d Cir. 2021))). When evaluating a *Strickland* claim, which requires proof that counsel failed to perform competently and that the petitioner was prejudiced by counsel's error, courts must determine whether the nonfrivolous facts "conclusively fail to show ineffective assistance of counsel." *Arrington*, 13 F.4th at 334 (quoting *United States v. Dawson*, 857 F.2d 923, 927-28 (3d Cir. 1988)). "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)); *see also* Rule

5

2(b)(2) of the Rules Governing Section 2255 Proceedings (stating that the motion must "state the facts supporting each ground"); *Johnson v. United States*, 294 F. App'x 709, 210 (3d Cir. 2008) ("[V]ague and conclusory allegations contained in a § 2255 motion may be disposed of without further investigation by the District Court." (alteration in original) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a party in a § 2255 matter must obtain leave of court to conduct discovery, which will only be granted following a showing of good cause. Good cause is shown where the request for discovery presents "reason to believe that [the petitioner] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief" if permitted to engage in discovery. *In re Platts*, 573 F. App'x 87, 87-88 (3d Cir. 2014) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).

*Pro se* submissions must be liberally construed in favor of the *pro se* litigant. *See Nwokedi v. United States*, No. 19-263, 2025 WL 2476465, at *8 (D.N.J. Aug. 28, 2025).

### III. <u>DISCUSSION</u>

In both of his two grounds for relief, Petitioner alleges that his counsel provided ineffective assistance by failing to raise a challenge or objection to his mandatory minimum sentence under the First Step Act's "safety valve." (ECF No. 3 at 5-6.) 8 U.S.C. § 3553(f) provides in relevant part:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846), section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), or section 70503 or 70506 of title 46, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—

>    (1) the defendant does not have—
>
>    (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
>    (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>
>    (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

In his Amended Motion to Vacate, Petitioner concedes that he "has 8 criminal history points." (ECF No. 3 at 5.) According to Petitioner, he had only 1-point convictions and no 2-point or 3-point convictions. (*Id.*) However, the Court agrees with Respondent that the record conclusively establishes that Petitioner did not qualify for the safety valve because he had a prior 3-point conviction and a 2-point conviction and was thereby ineligible under both § 3553(f)(1)(A) as well as § 3553(f)(1)(B). (*See* ECF No. 10 at 8-12.)

To be eligible for the safety valve, the court must find that "the defendant does not have . . . a prior 3-point offense, as determined under the sentencing guidelines." § 3553(f)(1)(B). According to the PSR, on July 8, 2016, under Indictment Number 167-02-00090, Petitioner was convicted in the Superior Court of New Jersey, Mercer County, of one count of possession of a controlled dangerous substance and sentenced to two years' probation. (PSR ¶ 228.) On January 18, 2019, parole was revoked, and Petitioner was sentenced to three years' imprisonment. (*Id.*) The New Jersey Judiciary PROMIS/Gavel Public Access website corroborates the accuracy of the PSR's summary of this offense. *See* New Jersey PROMIS/Gavel Public Access System, available at https://portal.njcourts.gov/webe41/ExternalPGPA/entry ("PROMIS/Gavel") (last visited Jan. 21, 2026).

The United States Sentencing Guidelines provide that, "[i]n the case of a prior revocation of probation [the Court must] add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for [U.S.S.G.] § 41A.1(a), (b), or (c), as applicable." U.S.S.G. § 4A1.2(k)(1). Adding two years' probation (no term of imprisonment) to three years' imprisonment resulted in a total combined sentence of three years' imprisonment. Accordingly, the PSR properly scored this prior sentence of imprisonment exceeding one year and one month at 3 points, *see* U.S.S.G. § 4A1.1(a), rendering Petitioner ineligible for the safety valve under § 3553(f)(1)(B).

Petitioner does not specifically challenge (or mention) the scoring of the 2016 conviction; instead, he makes the bald assertion that he had no disqualifying offenses. *See Campbell*, 515 F.3d 184 ("[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." (citation omitted)). Likewise, Petitioner does not specifically dispute (or mention) the PSR determination that he had a 2-point conviction. According to the PSR and the PROMIS/Gavel website, on August 9, 2019, under Indictment Number 18-10-00619, Petitioner was convicted in the Superior Court of New Jersey, Mercer County, of one count of distribution of a controlled dangerous substance and received a time-served sentence of 150 days' confinement. (PSR ¶ 230); PROMIS/Gavel (last visited Jan. 21, 2026). This offense was correctly scored at 2 criminal history points under § 4A1.1(b) as a "prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1](a)." *See United States v. Melendez*, 88 F. App'x 529, 534 (3d Cir. 2004) (concluding that the district court properly scored a prior "time served sentence" of 448 days at 3 points under § 4A1.1(a) because the term of imprisonment actually imposed on a prior conviction (448 days) should be treated as the term intended by the sentencing court).

8

Accordingly, with a 3-point and a 2-point conviction (*i.e.*, 5 points), Petitioner had "more than 4 criminal points, excluding any criminal history points from a 1-point offense, as determined under the sentencing guidelines," making him ineligible for relief under the First Step Act safety valve, § 3553(f)(1)(A).

Under § 2255(b), "the motion and files and records of the case show conclusively that the movant" demonstrably establish that Petitioner was not safety-valve-eligible. An attorney "does not act deficiently or create prejudice by failing to raise or prevail on a meritless argument." *Minaya v. United States*, No. 21-18050, 2023 WL 3338626, at *3 (D.N.J. May 10, 2023) (citing *United States v. Sanchez*, 53 F. App'x 208, 210 (3d Cir. 2002)); *see also McBride v. Kuhn*, No. 22-2016, 2025 WL 1119479, at *5 (D.N.J. Apr. 14, 2025) (stating that counsel cannot be ineffective for declining to raise a meritless issue), *certificate of appealability denied*, No. 23-2393, 2023 WL 11892827 (3d Cir. Nov. 8, 2023). The Court denies the Amended Motion to Vacate without an evidentiary hearing.

## IV.     CERTIICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's Amended Motion to Vacate lacks merit for the reasons expressed above, his constitutional claims are not adequate to deserve encouragement to proceed further, and Petitioner is denied a certificate of appealability in this case.

## V. CONCLUSION

For the reasons set forth above, the Amended Motion to Vacate is **DENIED**, and a certificate of appealability shall not issue.

An appropriate Order will be entered.

_____
**GEORGETTE CASTNER**
**United States District Judge**

Dated: January 27, 2026